UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PETER A. TEELUCKSINGH,

        Plaintiff,

  - against -

BISHOP FORD CENTRAL CATHOLIC HIGH
SCHOOL and LAY FACULTY
ASSOCIATION,

        Defendants.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
12-CV-3214 (RRM) (JMA)

ROSLYNN R. MAUSKOPF, United States District Judge.

On June 21, 2012, plaintiff, Peter A. Teelucksingh, proceeding *pro se*, filed this employment discrimination action against defendants, Bishop Ford Central Catholic High School ("Bishop Ford") and Lay Faculty Association ("LFA"; together with Bishop Ford, "defendants"), pursuant to Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e–2000e-17. (*See* Compl. (Doc. No. 1); Am. Compl. (Doc. No. 5).) Currently before the Court are (1) Teelucksingh's motion to voluntarily dismiss the instant action without prejudice pursuant to Fed. R. Civ. P. 41(a); and (2) defendants' cross-motion to dismiss the instant action with prejudice pursuant to Fed. R. Civ. P. 41(b).[1] For the reasons that follow, the Court finds ample basis on which to dismiss this action *with prejudice*.

## BACKGROUND

On July 17, 2012, Teelucksingh filed an amended complaint, alleging that defendants discriminated against him on the basis of his race and national origin. (Am. Compl. ¶ 7.) On July 30, 2012, the Court denied Teelucksingh's motion for leave to proceed *in forma pauperis*. Bishop Ford and LFA answered the amended complaint on September 21, 2012 and September

---

[1] Defendants have not moved for sanctions under Fed. R. Civ. P. 37(b).

1

24, 2012, respectively. On December 4, 2012, Magistrate Judge Azrack conducted an initial conference and ordered the parties to serve interrogatories and initial document requests by March 4, 2013. (*See* Dec. 4, 2012 Min. Entry.) At defendants' request, Judge Azrack extended this deadline to April 4, 2013, and the deadline for responses to May 6, 2013. (*See* Mar. 5, 2013 Order; Mar. 29, 2013 Order.) On May 8, 2013, Judge Azrack conducted a status conference and ordered the parties to serve any supplemental discovery requests by May 22, 2013; respond to these supplemental requests by June 21, 2013; serve notices of deposition by July 12, 2013; and conclude depositions by October 12, 2013. (May 8, 2013 Min. Entry.)

On May 9, 2013, counsel for Bishop Ford e-mailed Teelucksingh, stating that Teelucksingh's responses to Bishop Ford's requests were inadequate. (Frischling Decl. Ex. 2.) On May 10, 2013, Teelucksingh responded that he required a confidentiality agreement before he would produce certain tax documents and employment records. (*See id*.) On May 17, 2013, counsel for Bishop Ford e-mailed Teelucksingh a draft confidentiality agreement. (*Id*. ¶ 8 & Ex. 3.)

On May 20, 2013, the parties contacted Judge Azrack's chambers with various discovery-related disputes. Judge Azrack (1) denied Teelucksingh's request for an extension of time to respond to defendants' initial discovery requests; (2) directed Teelucksingh that he could respond to specific discovery requests by stating that he was awaiting certain documents from the Equal Employment Opportunity Commission (EEOC) and would respond fully upon obtaining those documents; (3) directed that while Teelucksingh was entitled to raise a general objection that defendants were requesting documents already in their possession, he must still respond to their requests unless he had some other valid objection entitling him not to respond; and (4) extended

the parties' deadline to serve supplemental discovery requests until May 29, 2013, and the deadline to respond to such requests until June 28, 2013. (May 20, 2013 Min. Entry.)

On May 23, 2013, Teelucksingh responded to defendants' draft confidentiality agreement, requesting that defendants sign the confidentiality agreement first, and stating that he would sign afterwards. (Frischling Decl. ¶ 9 & Ex. 4.) Defendants acceded to this request, and, on May 28, 2013, e-mailed Teelucksingh a copy of the confidentiality agreement with their signatures. (*Id.* ¶ 9 & Ex. 5.) On May 29, 2013, June 5, 2013, and June 7, 2013, defense counsel sent Teelucksingh e-mails inquiring about the status of the confidentiality agreement. (*Id.* ¶ 10 & Exs. 6–8.) Although Teelucksingh finally signed the confidentiality agreement on June 8, 2013, he continued to refuse to produce the documents due to purported confidentiality concerns. (*Id.* ¶ 11 & Ex. 8.) Defendants, in turn, failed to bring this problem to Judge Azrack's attention until August 2, 2013. (*See* Doc. No. 28.)

Teelucksingh failed to serve notices of deposition by the July 12, 2013 deadline. (*See* May 8, 2013 Min. Entry; Frischling Decl. ¶ 14.)

On August 6, 2013, Judge Azrack addressed several additional discovery-related disputes between the parties and (1) denied all but two of Teelucksingh's requests for further responses to his document requests; (2) denied Teelucksingh's request for information concerning communications between Bishop Ford's current and former counsels; (3) found that Teelucksingh had served an excessive number of interrogatories, and directed defendants concerning which of these interrogatories required responses; (4) ordered Teelucksingh to produce certain financial documentation and any relevant medical or psychological records, but permitted him to redact information pertaining to his wife; (5) extended the deadlines to notice and conduct depositions until September 5, 2013, and November 15, 2013, respectively; and

3

(6) denied Teelucksingh's request to conduct non-stenographic depositions. (Aug. 7, 2013 Min. Entry.) Teelucksingh failed to serve notices of deposition by the extended September 5, 2013 deadline. (*See* Frischling Decl. Ex. 11 (Doc. No. 48-2).)

On September 10, 2013, Judge Azrack conducted a settlement conference, determined that settlement was not yet possible, and ordered that depositions go forward. (*See* Sept. 10, 2013 Min. Entry.) On September 18, 2013, however, Teelucksingh advised defense counsel that he was "still seeking alternative arrangements with reference to scheduling the depositions." (Frischling Decl. Ex. 11.) In fact, Teelucksingh never complied with Judge Azrack's order to notice depositions.

In the ensuing weeks, the parties continued to discuss settlement. Although Teelucksingh initially agreed in principle to a settlement offer, he reneged upon realizing that, among other things, the settlement agreement would require him to release additional claims and bar him from applying for future employment at Bishop Ford. (*See, e.g.*, Doc. No. 36 at 5–6.)

By e-mail dated October 7, 2013, Teelucksingh requested that defense counsel consent to a twelve-month adjournment of upcoming depositions, explaining that he had "recently gained full-time employment" and wished to put the case on hold until he completed the one-year probationary period at his new job. (*See* Doc. No. 36 at 9.) Defense counsel did not consent to this proposed adjournment. On October 15, 2013, Teelucksingh faxed to Judge Azrack a letter, dated October 14, 2013, requesting that upcoming depositions be adjourned for at least eleven months. (*See id.* at 2.) In support of this request, Teeluckingh mentioned not only his probationary status at his new job, but also that he was scheduled to attend employment-related training on October 21 and 22, 2013, and that he was exploring the possibility of retaining an Albany-based attorney who required a few days to review the case. (*See id.* at 2, 10.)

4

On October 17, 2013, Judge Azrack conducted another settlement conference. To accommodate Teelucksingh's job training schedule, defendants agreed to alter their proposed deposition schedule. The parties agreed, and Judge Azrack directed, that depositions for Teelucksingh's wife and Teelucksingh would occur on October 25 and 28, 2013, respectively. (Oct. 17, 2013 Min. Entry; Frischling Decl. ¶ 25.)

On October 20, 2013, Teelucksingh e-mailed defendants, stating, "I will check with my wife regarding her availability" for the scheduled deposition. (Frischling Decl. ¶ 26 & Ex. 18.) In his motion papers, Teelucksingh asserts that he needed to check with his wife because she worked on Long Island, and her deposition was relocated from Garden City to Manhattan. (*See* Doc. No. 44.) Defendants responded that Mrs. Teelucksingh's deposition was scheduled to occur on October 25, 2013, pursuant to Judge Azrack's order. (*Id*. ¶ 27 & Ex. 19.) On October 21, 2013, Teelucksingh e-mailed Judge Azrack's chambers and defense counsel, requesting that all conferences and depositions be adjourned until defendants produced certain additional documents. (Doc. No. 34.)

On October 22, 2013, Judge Azrack held a status conference, during which defendants reiterated a settlement offer, and Judge Azrack ordered that Teelucksingh's deadline to accept this offer was midnight of October 22, 2013. (Oct. 22, 2013 Min. Entry.) Although Teelucksingh requested that Judge Azrack direct defendants to produce certain pay records, Judge Azrack credited defendants' representation that these records were not in their possession. (*See id.*) Judge Azrack also ordered that "Teelucksingh's [wife's] deposition will occur on 10/25/13 at the Manhattan office of [Bishop Ford's counsel]. Both defendants will depose Mrs. Teelucksingh on 10/25/13. Defendants will make reasonable efforts to complete Mrs. Teelucksingh's deposition on 10/25/13." (*Id.*) By Teelucksingh's account, Judge Azrack's

5

chambers warned him that if his wife did not attend her scheduled deposition, Judge Azrack would recommend dismissing his case with prejudice. (*See* Pl.'s Mem. of L. Opp'n Defs.' Mot. ("Pl.'s Opp'n") (Doc. No. 49) at 5.)

At 11:05 PM on October 22, 2013, Teelucksing e-mailed the following message to Judge Azrack's chambers and defense counsel, rejecting the settlement offer and unilaterally canceling the scheduled depositions:

> I, Peter Teelucksingh, . . . [am] hereby requesting that the action/complaint be withdrawn from the court[']s calendar. I, Peter Teelucksingh am not willing to agree to any settlement which was offered by the defendants. As a result of the withdrawal mentioned above, the scheduled depositions and conferences will be cancelled.

(Doc. No. 32.) The next day, Teelucksingh sent an additional e-mail to Judge Azrack's chambers, inquiring whether the Court required further steps before it could fulfill his request. (*Id*.) On October 24, 2013, Teelucksingh sent yet another e-mail to Judge Azrack's chambers and defense counsel, stating:

> [T]he action against Bishop Ford and the LFA has been withdrawn by the plaintiff and the court was given notice at the same time as the defendants. It was also stated in the [October 22, 2013] e-mail because of the withdrawal it is useless for depositions and conferences to continue. Up to the point of writing this email, no defendant has contacted me to state otherwise.

(Doc. No. 33.)

On October 28, 2013, the Court ordered that if the parties could not stipulate to a dismissal with or without prejudice, Teelucksingh must, by November 7, 2013, file a letter explaining why he believed he was entitled to a dismissal without prejudice. (Oct. 28, 2013 Order.) In this order, the Court admonished that "[g]oing forward, plaintiff is again reminded that it is improper for him to make unilateral pronouncements about discovery without first

6

obtaining a Court ruling." (*Id.*) Teelucksingh failed to respond by the November 7, 2013 deadline.

By letter dated November 15, 2013, Teelucksingh belatedly filed a letter motion to voluntarily dismiss without prejudice. (Doc. No. 44; *see also* Doc. Nos. 49, 59.) In this letter, Teelucksingh does not cite any of his previously articulated reasons for seeking a year-long adjournment. (*See* Doc. No. 36 at 2, 9.) Instead, Teelucksingh cites two main reasons for his request. First, he disputes defendants' characterization that he violated court orders and failed to prosecute the action, asserting that "[t]hroughout the action I have complied with the legal system rules and guidelines and regulations as I interpreted them." (Doc. No. 44 at 1.) Second, he argues that he believes Magistrate Judge Azrack and her clerks treated him unfairly by pointing out various risks of proceeding with litigation. (*See id*. at 2.) On January 13, 2014, defendants filed their opposition to Teelucksingh's motion and cross-moved to dismiss with prejudice pursuant to Fed. R. Civ. P. 41(b). (Doc. Nos. 43–48, 50–58.)

## DISCUSSION

**Defendants' Cross-Motion to Dismiss With Prejudice**

The Court begins with a discussion of defendants' cross-motion to dismiss with prejudice pursuant to Fed. R. Civ. P. 41(b). *See New Phone Co., Inc. v. New York City Dep't of Info. Tech. & Telecomms.*, No. 06 CV 3529, 2007 WL 2908110, at *15 (E.D.N.Y. Oct. 5, 2007) (report and recommendation) (explaining that if court were to grant dismissal under Rule 41(b), plaintiff's motion to dismiss without prejudice under Rule 41(a) would be moot), *adopted by* No. 06 CV 3529 (Doc. No. 131) (E.D.N.Y. Jan. 28, 2008). Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). A court also has "inherent power to

7

dismiss an action *sua sponte* for failure to prosecute." *Lediju v. New York City Dep't of Sanitation*, 173 F.R.D. 105, 110 (S.D.N.Y. 1997) (stating that "dismissal for lack of prosecution pursuant to Fed. R. Civ. P. 41(b) is a matter committed to the sound discretion of the trial court") (internal quotation marks omitted). "[D]ismissal for lack of prosecution is a harsh remedy that should be utilized only in extreme situations." *Lewis v. Rawson*, 564 F.3d 569, 575–76 (2d Cir. 2009) (internal quotation marks omitted).

When deciding whether to dismiss for failure to prosecute, a court must consider several factors, including whether: (1) plaintiff's failure to prosecute his case has caused significant delay; (2) plaintiff was given notice that any further delay would result in dismissal; (3) defendants are likely to be prejudiced by further delay; (4) the need to conserve judicial resources is carefully and properly balanced against plaintiff's entitlement to his day in court; and (5) lesser sanctions would be effective. *See Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009); *Hines v. City of New York*, No. 12 CV 3687, 2014 WL 347438, at *1 (E.D.N.Y. Jan. 30, 2014). No one factor is dispositive. *Nita v. Conn. Dep't of Envtl. Protection*, 16 F.3d 482, 485 (2d Cir. 1994).

Here, the Court finds that the balance of factors warrants dismissal with prejudice. Teelucksingh's actions have caused significant delay. The Court will not re-hash all of plaintiff's conduct. As examples, Teelucksingh failed to respond to initial discovery requests, failed to make an adequate production of his tax and employment records in May 2013, demanded a confidentiality agreement that he then delayed signing for weeks, and, even after executing the confidentiality agreement, continued to refuse to produce certain documents until Judge Azrack ordered him to do so in August 2013. Moreover, Teelucksingh has engaged in a number of other dilatory tactics – for example, serving discovery requests that far exceeded the

scope of the amended complaint, reneging on an in-principle settlement agreement, and seeking a year-long adjournment at a critical time in the proceedings.[2]

Plaintiff's conduct with respect to depositions directly violated court orders, and added to the delay. Teelucksingh failed to serve notices of deposition as ordered by July 12, 2013, and then again as ordered by the extended deadline of September 5, 2013. Indeed, the Teelucksinghs were ordered to appear for depositions on October 25, 2013 and October 28, 2013. However, following another conference with Judge Azrack in which she once again ordered that the depositions proceed, Teelucksingh unilaterally cancelled the scheduled depositions in an e-mailed message to Judge Azrack's chambers and defense counsel. In that same e-mail, and in another sent to Judge Azrack and defense counsel on October 24, 2013, Teelucksingh plainly evinced his intent to withdraw this action, noting that "because of the withdrawal it is useless for depositions and conferences to continue."[3] Viewed over the entirety of the litigation, the totality of Teelucksingh's conduct has substantially delayed the litigation.

Moreover, by Teelucksingh's own account, Judge Azrack's chambers warned him that if his wife did not attend her scheduled deposition, Judge Azrack would recommend dismissing his

---

[2] Teelucksingh also failed to timely file a letter by November 7, 2013, as ordered by the undersigned, explaining why he believed he was entitled to a dismissal without prejudice.

[3] Teelucksingh has continually changed his explanation for why he does not wish to proceed with this action. Initially, on October 7, 2013, Teelucksingh asserted that he sought a twelve-month adjournment to accommodate the one-year probationary period at his new job. (*See* Doc. No. 36 at 9.) A week later, Teelucksingh asserted that he wanted an eleven-month adjournment for two other reasons – he had two upcoming days of employee training, and an Albany-based lawyer needed a few days to determine whether to represent Teelucksingh in the instant action. (*See id*. at 2, 10.) In his motion papers, however, Teelucksingh does not cite any of these previously articulated reasons for seeking a year-long adjournment. Instead, Teelucksingh asserts that he has acted in accordance with his own interpretation of the law. Even if this were a true characterization of Teelucksingh's intentions, it says nothing about why withdrawal is necessary. Second, Teelucksingh expresses displeasure that Judge Azrack and her clerks have mentioned the risks of proceeding toward trial. On the contrary – the record reflects that Judge Azrack and her staff have managed the case appropriately and with extraordinary patience throughout the parties' extensive discovery disputes and settlement negotiations, particularly in light of Teelucksingh's *pro se* status. Teelucksingh provides no valid justification for withdrawing the action without prejudice. *See Pacific Electric Wire & Cable Co.*, 2005 WL 578916, at *6 ("[T]he Court is not impressed with Plaintiffs' explanation for the dismissal.").

case with prejudice. (*See* Pl.'s Mem. of L. Opp'n Defs.' Mot. ("Pl.'s Opp'n") (Doc. No. 49) at 5.) That warning, coupled with the instant motion, plainly put Teelucksingh on notice that further delay would result in dismissal. *See, e.g., Baba v. Japan Travel Bureau Intern., Inc.*, 111 F.3d 2, 5 (2d Cir. 1997) ("[W]e have upheld the severe sanction of dismissal with prejudice . . . even against a plaintiff who is proceeding *pro se*, so long as a warning has been given that noncompliance can result in dismissal.") (internal quotation marks and alteration omitted).[4]

Plaintiff's unreasonable delay presumptively "prejudices" the defendants under Rule 41(b). *Maldonado v. Menacola Marketing, Inc.*, No. 12 CV 6236, 2013 WL 5206396, at *2 (E.D.N.Y. Sept. 12, 2013). Further, Lay Faculty represents that it has incurred "unnecessary legal expenses as a result" of Teelucksingh's non-compliance. *See Coleman v. Trader Joe's Corp.*, No. 10 CV 5404, 2011 WL 6182323, at *4 (E.D.N.Y. Nov. 18, 2011) (report and recommendation), *adopted by* 2011 WL 6205490 (E.D.N.Y. Dec. 13, 2011).

The magistrate judge has handled this matter with an inordinate amount of patience and diligence, bending over backwards to accord Teelucksingh appropriate adjournments and extensions, and to police both Teelucksingh's rights and his obligations in this litigation. Yet, Teelucksingh has chosen to litigate this matter on his own timetable, notwithstanding clear court orders. Even accounting for his *pro se* status, Teelucksingh has squandered an unreasonable amount of time and resources in an action that he has clearly indicated he does not wish to

---

[4] In *Gravatt v. Columbia University*, the Second Circuit held that "a district judge may convert a dismissal sought to be entered without prejudice to one with prejudice." 845 F.2d 54, 56 (2d Cir. 1988). "The Circuit cautioned, however, that 'fundamental fairness' requires that 'an opportunity to withdraw a motion for dismissal without prejudice must be afforded a plaintiff before the dismissal is converted to one with prejudice.'" Pacific Elec. Wire & Cable Co., Ltd. v. Set Top Intern. Inc., No. 03 CV 9623, 2005 WL 236515, at *1 (S.D.N.Y. Feb. 1, 2005) (quoting Gravatt, 845 F.2d 54); but see Republic of Colombia v. Diageo N. Am., Inc., No. 04 CV 4372, 2011 WL 4828814, at *3 (E.D.N.Y. Sept. 30, 2011) (stating that Gravatt's notice requirement applies only to "completely unlitigated claims"). This is not such a situation. Here, through this motion, and by admonition of the magistrate judge, Teelucksingh was plainly on notice that his request to withdraw this action could be granted with prejudice. At no time did Teelucksingh seek to continue with this litigation, and he has availed himself fully of the opportunity to argue that any dismissal be entered without prejudice.

pursue. *See Hines*, 2014 WL 347438, at *1 (stating that although courts accord *pro se* parties wider latitude than represented parties, *pro se* litigants are still "'required to inform themselves regarding procedural rules and to comply with them.'") (quoting *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 605 (2d Cir. 2008)) Defendants have litigated this action in good faith, have diligently complied with their many obligations, and have traveled down the road to a critical stage – the depositions of plaintiff and his wife – only to have plaintiff unilaterally terminate the action. Any lesser sanction than dismissal with prejudice would require defendants to begin again, and expend, once again, the significant effort and resources to defend this case anew. Taking into account all of the circumstances, and weighing all of the requisite factors, dismissal with prejudice is warranted. And as such, the Court need not consider Teelucksingh's motion for voluntary dismissal without prejudice pursuant to Rule 41(a)(2).[5]

---

[5] On any such motion, the Court would have to consider such factors as (1) the plaintiff's diligence in bringing the motion, (2) any undue vexatiousness on the plaintiff's part, (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial, (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's explanation for the need to dismiss. *See Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990); *Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006) (citations omitted). In applying this analysis, the Court would find that a dismissal without prejudice would be inappropriate for many of the same reasons cited above.

## CONCLUSION

For the reasons stated herein, Teelucksingh's request to withdraw this action is granted, and the withdrawal shall be with prejudice.

The Clerk of Court is directed to mail a copy of this Memorandum and Order to Teelucksingh at the address the docket lists for him, and to note the mailing on the docket.

SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York
September 22, 2014

_____
ROSLYNN R. MAUSKOPF
United States District Judge